IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

PHILLIP JAY STERLING, JR.                                        PETITIONER

v.                              Civil No. 6:21-cv-06093

SHERIFF TRAVIS HILL                                             DEFENDANT
*Pike County Jail*

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Phillip Jay Sterling, Jr. ("Sterling") filed the current *pro se* Petition for Writ of *Habeas Corpus* against Defendant Sheriff Travis Hill.  ECF No. 1.  Sterling filed this lawsuit on June 1, 2021.  *Id.*  At the time Sterling filed this lawsuit, Sterling was incarcerated in Pike County Jail in Murfreesboro, Arkansas.  This matter has been referred to the undersigned and is now ripe for consideration.

Sterling filed this Petition on June 1, 2021.  ECF No. 1.  After Sterling filed his Petition, he did not notify the Court of a change of address.  On the same day, the Clerk of this Court mailed a notice to Sterling regarding deficiencies in his petition and notified him that he must either pay the filing fee or seek to proceed *in forma pauperis*.  On June 14, 2021, Sterling's mail was returned to the Clerk of this Court as undeliverable: "Mail Returned as Undeliverable marked Return to Sender. Mail originally sent to Phillip Sterling, Jr. at Pike County Jail P. O. Box 177 Murfreesboro, AR. 71958 including 1 Petition for Writ of Habeas Corpus field by Phillip Jay Sterling., 2 Magistrate Notice/Consent Form.  No new address available."  The Court contacted the Pike County Jail and was informed that Sterling had been transferred to another facility and was no longer in custody in Pike County, Arkansas.   Sterling has not notified this Court of a change of address, and Sterling has had over a month and a half to do so.

1

Accordingly, based upon these facts and Sterling's failure to prosecute this action, I recommend this case be dismissed without prejudice.  *See* FED. R. CIV. P. 41(b).  *See also Link v. Wabash R.R. Co.,* 82 S.Ct. 1386 (1962) (recognizing that consistent with Rule 41(b) of the Federal Rules of Civil Procedure, a district court has the "inherent power" to dismiss a case *sua sponte* without affording notice or providing a hearing).

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**  *See  Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**DATED** this **23rd day of July 2021.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE